UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH GENOVA,

              Plaintiff,                    Case No. 1:22-cv-409

v.                                      Honorable Sally J. Berens

FREDEANE ARTIS et al.,

              Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Artis, Jactout, and Goosetrey. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants LaLonde and Bass-Kitchen: Plaintiff's (i) Eighth Amendment medical care claims, and (ii) claims regarding the violation of the MDOC's policies and procedures. Plaintiff's Eighth Amendment failure-to-protect claims against Defendants LaLonde and Bass-Kitchen will remain in the case. Plaintiff's motions for the appointment of counsel (ECF Nos. 3 and 6) will be denied.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues the following LRF officials: Warden Fredeane Artis; Sergeant Unknown Jactout; Assistant Deputy Warden Unknown Goosetrey; and Corrections Officers Unknown LaLonde and Unknown Bass-Kitchen.

In Plaintiff's complaint, he alleges that on May 17, 2021, he was "viciously assaulted" by four prisoners while he was on the exercise yard. (Compl., ECF No. 1, PageID.3.) After the incident, Plaintiff was "taken to medical where he received sixteen . . . staples in his head." (*Id.*) Thereafter, Plaintiff was moved to administrative segregation and "placed on involuntary protective custody." (*Id.*) Two days later, on May 19, 2021, Plaintiff "went before the Security Classification Committee and they determined that Plaintiff was not safe at the facility" and would be transferred. (*Id.*)

Subsequently, on May 26, 2021, the Security Classification Committee re-interviewed Plaintiff and determined that he could be housed in LRF's protection unit. (*Id.*) Plaintiff was moved to the protection unit later that same day. (*Id.*, PageID.4.) Plaintiff states that he walked "un-escorted" to the protection unit, which he believes is against the MDOC's policies and procedures. (*Id.*) Upon arriving at the Eastlake Housing Unit, "which houses both general population and protective custody prisoners," Corrections Officers LaLonde and Bass-Kitchen directed Plaintiff "to go to B-wing cell #40." (*Id.*) As Plaintiff walked to his assigned cell, Corrections Officers LaLonde and Bass-Kitchen "opened the cells to general population prisoners," and "[t]hen prisoners Johnson, Smith[,] and John Doe attacked Plaintiff." (*Id.*) Plaintiff

4

states that he believes that the MDOC's policies require protective custody prisoners to be kept separate from general population prisoners "at all times." (*Id.*)

Plaintiff was then taken to administrative segregation, which is where he remained for forty-seven days, until he was transferred to the Macomb Regional Facility. (*Id.*) Plaintiff states that prisoner Smith—one of the inmates involved in the May 26, 2021 attack on Plaintiff—was also transferred to the Macomb Regional Facility. (*Id.*) Plaintiff states that "[m]edical never evaluated Plaintiff at either facility." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the Eighth Amendment. (*Id.*, PageID.5.) As relief, Plaintiff seeks compensatory, punitive, and nominal damages, as well as declaratory and injunctive relief. (*Id.*, PageID.5–7.)

## II.    Plaintiff's Motions for the Appointment of Counsel

Plaintiff has filed two motions for the appointment of counsel. (ECF Nos. 3, 6.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that, at this time, the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Plaintiff's motions for the appointment of counsel (ECF Nos. 3 and 6) therefore will be denied.

5

III.    **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983

6

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendants Artis, Jactout, and Goosetrey

Plaintiff names Warden Artis, Sergeant Jactout, and Assistant Deputy Warden Goosetrey as Defendants; however, Plaintiff fails to name these Defendants in the body of his complaint. (*See generally* Compl., ECF No. 1.) It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Here, Plaintiff's claims fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Furthermore, to the extent that Plaintiff intended to hold Defendants Artis, Jactout, and Goosetrey liable for the actions of their subordinates, government officials, such as Defendants, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v.*

*Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Artis, Jactout, and Goosetrey engaged in any active unconstitutional behavior. Accordingly, for these reasons, Plaintiff fails to state a claim against Defendants Artis, Jactout, and Goosetrey.

    **B.**    **Defendants LaLonde & Bass-Kitchen**

        **1.**    **Eighth Amendment**

            **a.**    **Failure to Protect**

Plaintiff alleges that Defendants LaLonde and Bass-Kitchen violated his Eighth Amendment rights by failing to protect him on May 26, 2021, from an attack by three general population prisoners. (Compl., ECF No. 1, PageID.3–4.)

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. However, "[a]lthough 'prison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners,' it is equally clear that not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials.'" *Reedy v. West*, 988 F.3d 907, 912

(6th Cir. 2021) (citations and internal quotation marks omitted) (quoting *Farmer*, 511 U.S. at 833–34).

In order to state a failure-to-protect claim, a plaintiff must demonstrate (1) that he "objectively" was "incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, and (2) that the official acted with "deliberate indifference" to inmate safety, "meaning the official was 'subjectively aware of the risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy*, 988 F.3d at 912 (quoting *Farmer*, 511 U.S. at 829, 834, 847); *see also Greene v. Bowles,* 361 F.3d 290, 293–94 (6th Cir. 2004). In establishing the objective prong, although a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal-safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Here, Plaintiff alleges that upon his arrival at the Eastlake Housing Unit on May 26, 2021, Defendants LaLonde and Bass-Kitchen directed Plaintiff—who was to be housed in the protection unit in the Eastlake Housing Unit—"to go to B-wing cell #40." (Compl., ECF No. 1, PageID.4.)

As Plaintiff walked to his assigned cell, Corrections Officers LaLonde and Bass-Kitchen "opened the cells to general population prisoners," and "[t]hen prisoners Johnson, Smith[,] and John Doe attacked Plaintiff." (*Id.*)

Although Plaintiff has by no means proven deliberate indifference, taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, the allegations suggest that Defendants LaLonde and Bass-Kitchen knew of a substantial risk of harm to Plaintiff from the other inmates—because Plaintiff was in protective custody and the other inmates were not—and then disregarded this risk when they failed to take reasonable measures to abate the risk. Accordingly, at this stage of the proceedings, the Court will not dismiss Plaintiff's Eighth Amendment failure-to-protect claims against Defendants LaLonde and Bass-Kitchen.

### b.      Medical Care

Plaintiff alleges that "[m]edical never evaluated [him] at either facility"—LRF or the Macomb Regional Facility, where he was subsequently transferred—after the May 26, 2021, physical assault by three inmates at LRF. (Compl., ECF No. 1, PageID.4.) Plaintiff does not identify any Defendants who were involved in this lack of medical care. As discussed above, a claim is subject to dismissal, even under the liberal construction afforded to *pro se* complaints, where a plaintiff fails to allege how any named defendant was involved in the violation of his rights. *See supra* Part III.A; *see also Gilmore*, 92 F. App'x at 190. Accordingly, because Plaintiff fails to name any Defendants when setting forth his allegations regarding his medical care, any intended Eighth Amendment claim regarding the medical care, or lack thereof, that Plaintiff received will be dismissed.

### 2.      Violation of MDOC Policy

In Plaintiff's complaint, he appears to suggest that Defendants' actions violated the MDOC's policies and procedures. (*See* Compl., ECF No. 1, PageID.4.) Claims under Section 1983

can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for the violation of a state law or a prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215

(6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Further, to demonstrate a violation of procedural due process, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Plaintiff's allegations that Defendants violated prison policy therefore fail to raise a cognizable federal due process claim.

Accordingly, for these reasons, any assertion that Defendants violated the MDOC's policies and procedures fails to state a claim under Section 1983.

## Conclusion

Plaintiff's motions for the appointment of counsel (ECF Nos. 3 and 6) will be denied. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Artis, Jactout, and Goosetrey will be dismissed for failure to state a

claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants LaLonde and Bass-Kitchen: Plaintiff's (i) Eighth Amendment medical care claims, and (ii) claims regarding the violation of the MDOC's policies and procedures. Plaintiff's Eighth Amendment failure-to-protect claims against Defendants LaLonde and Bass-Kitchen remain in the case.

An order consistent with this opinion will be entered.


Dated:   August 9, 2022                      /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge